UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN H. COLLINS                                                                            Plaintiff,

v.                                                                            Civil Action No. 3:14-cv-00647-DJH

PRG REAL ESTATE *et al.*                                                                    Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon motions by Plaintiff, who is proceeding *pro se*, for an extension of time to file an appeal (DN 37) and for leave to appeal *in forma pauperis* (DN 43). For the following reasons, the Court will grant Plaintiff's motion for extension of time and deny Plaintiff's motion for leave to appeal *in forma pauperis*.

Plaintiff seeks to appeal the Court's December 23, 2015, Memorandum Opinion and Order, which partially dismissed Plaintiff's complaint. Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal must generally be filed within 30 after entry of the order appealed from. Under this Rule, the deadline for Plaintiff's notice of appeal was January 22, 2016. Plaintiff argues that he is entitled to an extension because he did not receive timely notice of the Court's Memorandum Opinion and Order. The Federal Rules of Appellate Procedure provide that the Court may grant an extension of time to file a notice of appeal if:

(i)   a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii)  regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. (4)(A)(5)(A).

In their response, Defendants argue that Plaintiff's motion should be denied because

Fed. R. Civ. P. 77(d)(2) specifically provides as follows: "*Lack of notice of the entry does not affect the time for appeal* or relieve – *or authorize the court to relieve* – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." (Emphasis added). Defendants further argue that Plaintiff has not cited a reason allowed under Fed. R. App. P. (4)(a)(1)(B), 4(a)(4)(A), or 4(c).

In his reply, Plaintiff seems to argue that even if the Court does not give him an extension of time to file an appeal under Fed. R. App. P. 4, the Court should nonetheless reopen the time to file an appeal under Fed. R. App. P. 4(a)(6). This Rule states:

> **(6) Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The Court will construe the *pro se* Plaintiff's motion liberally and consider whether it should either extend or reopen the time to file an appeal. The Court agrees with Defendants that Plaintiff has not met the requirements necessary to grant an extension of time to file an appeal under Fed. R. App. P. 4(a), but the Court finds that Plaintiff has met the requirements necessary for it to reopen the time to file an appeal under Rule 4(a)(6). Indeed, the Court finds the three conditions of this Rule are satisfied and that Plaintiff's motion should be granted.

With regard to subsection (A), Plaintiff avers that he did not receive a copy of the Court's December 23, 2015, Memorandum Opinion and Order until January 28, 2016, after he contacted

the Clerk's Office to inquire about the status of his case and learned that Defendants' partial motion to dismiss had been ruled upon. The Court notes that "[w]hile Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." *Nunley v. City of Los Angeles,* 52 F.3d 792, 795-96 (9th Cir. 1995). In addition, Plaintiff filed his motion for an extension to time to appeal on February 4, 2016, which was within 14 days of his receiving the Memorandum Opinion and Order, in accordance with subsection (B). Finally, under subsection (C), the Court finds that any prejudice to Defendants is minimal, especially where they have made no argument regarding such. The Court further observes that the Advisory Committee Notes counsel that the "prejudice" should be interpreted as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Fed. R. App. P. 4(a)(6) (Advisory Committee Notes to 1991 Amendment). The Notes continue, offering that "if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal[,]" then a showing of prejudice might be appropriate. For these reasons, the Court will construe Plaintiff's motion for an extension of time as a motion to reopen the time to file an appeal and grant Plaintiff's motion.

The Court next considers Plaintiff's motion for leave to appeal *in forma pauperis*. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the

3

party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5). Because Plaintiff seeks to appeal a non-final, non-appealable Order, the Court certifies that the appeal is not taken in good faith. Thus, the Court will deny Plaintiff's motion to proceed *in forma pauperis* on appeal.

Based on the above, **IT IS HEREBY ORDERED** as follows:

1. The Court **GRANTS** Plaintiff's motion for an extension of time (DN 37) and **REOPENS** the appeal period for 14 days and finds that Plaintiff's appeal is timely filed.

2. The Court certifies that Plaintiff's appeal is not taken in good faith and **DENIES** Plaintiff's motion for leave to appeal *in forma pauperis* (DN 43).

3. If Plaintiff decides to proceed with an appeal of the Court's December 23, 2015, Memorandum Opinion and Order, **he must either (1) pay the $505.00 appellate filing fee in full to the clerk of the district court within 30 days of receiving notice of this order or (2) file a motion to proceed on appeal *in forma pauperis* in the United States Court of Appeals for the Sixth Circuit within 30 days of receiving notice of this order in accordance with Fed. R. App. P. 24(a)(5).** *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

4. Should Plaintiff choose to pay the full $505.00 appellate filing fee rather than file a motion to proceed on appeal *in forma pauperis* in the Court of Appeals, payment shall be made payable to **Clerk, U.S. District Court** and mailed to or made in person at the following address:

United States District Court
Western District of Kentucky
106 Gene Snyder Courthouse
601 West Broadway
Louisville, Kentucky  40202

5. Failure either to pay the $505.00 filing fee or to file an application to proceed on appeal *in forma pauperis* with the United States Court of Appeals for the Sixth Circuit **within 30 days** may result in **dismissal** of Plaintiff's appeal.  *Callihan*, 178 F.3d at 804.[1]

6. Pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff and to the United States Court of Appeals for the Sixth Circuit.

Date: March 1, 2016

**David J. Hale, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Counsel of record
       Clerk, United States Court of Appeals for the Sixth Circuit
4415.011

---

[1]In *Callihan*, 178 F.3d at 804, the Sixth Circuit held as follows:

> If the individual does not file a motion within thirty days of receiving notice of the district court's decision as required by Rule 24(a)(5), or fails to pay the required fee within this same time period, the appeal will be dismissed for want of prosecution. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless the individual can demonstrate that he or she did not receive notice of the district court's decision within the time period prescribed for by Rule 24(a)(5).