UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN H. COLLINS                                                                                                    Plaintiff,

v.                                                                                          Civil Action No. 3:14-cv-00647-DJH

PRG REAL ESTATE *et al.*                                                                                           Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's motion for summary judgment (DN 27). Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's motion will be denied without prejudice.

Before ruling upon the motion, the Court believes that a brief procedural history of this action is appropriate. On September 23, 2014, Plaintiff filed a complaint against Defendants alleging violations of the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). The summons was returned executed on February 24, 2015. Plaintiff then filed a motion to deny an extension of time to answer and a motion for a default judgment. These motions were denied by the Court. On March 4, 2015, Defendants filed their answer and a motion for partial dismissal of Plaintiff's complaint. On July 20, 2015, Defendants filed a motion to stay judicial proceedings because Plaintiff had filed a complaint with the U.S. Department of Housing and Development ("HUD") asserting allegations identical to those raised in the complaint. On August 8, 2015, Plaintiff filed a motion for summary judgment. On September 9, 2015, Defendants filed a motion to withdraw the stay because Plaintiff withdrew his HUD complaint. On December 23, 2015, the Court granted Defendants' motion for partial dismissal of Plaintiff's complaint and dismissed Plaintiff's claims under the ADA for failure to

state a claim upon which relief may be granted. Plaintiff filed a notice of appeal of this Memorandum Opinion and Order on February 18, 2016.

At the outset, the Court observes that Plaintiff currently has an interlocutory appeal pending in the Sixth Circuit challenging a decision of this Court. "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal" unless "the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). A notice of appeal from a plainly non-appealable order may properly be ignored by the district court. *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981). Accordingly, while the district court lacks jurisdiction to outright dismiss the improper appeal, *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994), it may nevertheless proceed to adjudicate the merits of the underlying action as if the improper appeal had not been filed. *Cochran*, 651 F.2d at 1222. To hold otherwise, would be to allow "a litigant to deprive the court of jurisdiction at any and every critical juncture merely by filing a notice of appeal from any non-appealable order entered in the district court." *Id.* (quoting *Hodgson v. Mahoney*, 460 F.2d 326 (1st Cir. 1972)). Upon review of the pending notice of appeal (DN 42) filed by Plaintiff, the Court finds that it is from a non-final, non-appealable order, and therefore, does not divest this Court of its jurisdiction.

However, with regard to Plaintiff's summary judgment motion that is now before the Court, Defendants argue that they are unable to properly respond to the motion because it was filed before any discovery had been conducted in this case and, indeed, before a scheduling order had ever been entered by the Court. The Court agrees that this makes summary judgment inappropriate at this time. *See Metro. Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330,

1337 n.3 (Fed. Cir. 2008) (noting that it is the "prevailing rule in all circuits" that summary judgment is inappropriate until there is an adequate opportunity to conduct discovery, including in the Sixth Circuit).

      **IT IS THEREFORE ORDERED** that Plaintiff's motion for summary judgment (DN 27) is **DENIED as premature and without prejudice to refiling following discovery**.

Date:   March 2, 2016

                                                                           **David J. Hale, Judge**
                                                            **United States District Court**

cc:     Plaintiff, *pro se*
          Counsel of record
4415.011