UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
(Electronically Filed)
CIVIL ACTION NO. 3:14-CV-647-JGH

STEPHEN H. COLLINS,

    Plaintiff,

v.

PRG REAL ESTATE and NEW RIVER OAK ASSOCIATES, LLC,

    Defendants.

    Serve at: Andrew M. Swafford,
    220 West Main Street,
    Suite 2000, Louisville, Ky 40202

## AMENDED COMPLAINT

### *PARTIES*

1. Plaintiff Stephen Collins is a sixty-two-year-old citizen of Jefferson County, Kentucky, who currently resides at 550 Hickory Lane, Lagrange Kentucky. He is a disabled individual whose main source of income is $1,584.00 per month in Social Security Disability.

2. Defendant PRG Real Estate, ("PRG") is a private corporation that owns and operates a multi-family dwelling apartment complex. As such, Defendant PRG is subject to the provisions and requirements of federal law governing the Fair Housing Act.

3. Defendant New River Oak Associates, LLC. ("New River") is a private corporation that owns and operates a multi-family dwelling apartment complex. As such, Defendant New River is subject to the provisions and requirements of federal law governing the Fair Housing Act.

### *JURISDICTION AND VENUE*

4. Jurisdiction over Plaintiff's claims is conferred on this court by 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. §§ 3613 and 3617, in that this action arises as a result of the failure to accommodate a disability and retaliation against Plaintiff for exercise of his rights under the Fair Housing Act and Section 504, and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Plaintiff seeks monetary relief against the Defendant in excess of the jurisdictional limits of this court.
6. Venue is proper in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b), as all acts complained of occurred within this District.

## *FACTS*

7. Plaintiff Stephen Collins is a Sixty-two-year-old disabled former resident of of River Oak apartment complex in Louisville, Jefferson County, Kentucky. Mr. Collins was a resident of River Oak Apartment Complex from November 18, 2011 to June 30, 2014.

8. Mr. Collins was diagnosed with a lower back injury as a result of a fall in March of 1995 and receives disability payments from the Social Security Administration as a result of his condition. River Oaks was aware of Mr. Collins' disability when he moved into their building.

9. When Mr. Collins initially moved into Defendant's apartment building he was married to Pam Collins. Mr. Collins chose a second floor apartment in Defendant's apartment complex at the bequest of his wife and was able to gain access to the same with her assistance.

10. On or about June 2013 Mr. Collins requested handicapped accessible parking near his apartment. Defendant's did not immediately accommodate this request and only after the parking lot was re-paved on or about November of 2014 was a handicapped parking space marked with paint on the pavement. Said parking space did not include signage and did not provide adequate spacing as to allow easy access to handicapped persons cars because other cars were allowed to park directly beside said parking space.

11. On or about October 2013 Mr. Collins and his wife separated. Soon thereafter Mr. Collins made a request for accommodation citing his inability to grasp the hand rails that led to his second floor apartment and his difficulty climbing the stairs to his apartment without the aid of his former wife.

12. Defendant's refused to take steps to reasonably accommodate Mr. Collins request.

13. On April 29, 2014 Mr. Collins was involved in a motor vehicle accident that resulted in an injury to his knee. Subsequently Mr. Collins underwent a total knee replacement to rectify said injury.

14. Mr. Collins Immediately notified Defendants of the extreme difficulty, pain, and inconvenience the act of climbing the stairs to his apartment caused him.

15. Again Defendants refused to take any steps to accommodate his disability.

16. Mr. Collins then informed Defendants that he was unable to access his apartment due to his disabilities and, thus, was terminating his lease early and moving to a location that could accommodate him.

17. Defendants advised Mr. Collins that a first floor apartment would be available in four months and that he would be able to move into said apartment in August.

18. Mr. Collins then moved his belongings to 550 Hickory Lane, LaGrange, Kentucky with the help of a moving company.

19. Defendants then attempted to collect the remaining agreed upon rent from Collins. Mr. Collins refused to pay said rent citing his inability to access his apartment. Defendants then reported his default on said rent to the credit reporting agencies which adversely affected Mr. Collins' credit rating.

### *STATUTORY AND REGULATORY FRAMEWORK*

20. Congress created the Fair Housing Act, 42 U.S.C. § 3601, et seq., as amended in 1988, to ensure that individuals are not discriminated against on the basis of, among other things, handicap or disabled status in the sale or rental of housing. Discrimination includes failure of a landlord to make a reasonable accommodation in its rules or policies for a disabled individual. Defendants, as owner of a multiple-family housing complex, is subject to the Fair Housing Act.

21. The Fair Housing Act requires that individuals with disabilities be granted reasonable requests for modifications of an existing premises to enable them to access and fully enjoy the premises and facilities in the same manner as non-disabled individuals.24 C.F.R.§ 100.203.

22. The Fair Housing Act further requires that individuals with disabilities be granted reasonable requests for accommodation in rules, policies, practices, or services when such accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling unit. 24 C.F.R.§ 100.204.

23. 15. The Fair Housing Act, at 42 U.S.C. § 3617, provides that individuals shall be protected from coercion, intimidation, threats and interference in retaliation for exercising their rights under the Fair Housing Act.

### *CLAIMS FOR RELIEF*
### *FIRST CAUSE OF ACTION*

**Violation of the United States Fair Housing Act Amendments Act, 42 U.S.C. § 3604(f)(3), for failure to reasonably accommodate Plaintiff's disability as provided by the Act.**

24. Plaintiff Stephen Collins realleges and incorporates by reference the allegations in Paragraphs 1 through 24, inclusive, of this Complaint.

25. Defendants have been aware of Mr. Collins status as a disabled individual within the meaning of the Fair Housing Act since he moved into the complex.

26. Mr. Collins has on numerous occasions informed Defendants of his conditions and explained his disability and the accommodations he requires.

27. Despite repeated requests for accommodation, Defendants have continued to refuse Mr. Collins' the accommodations he requires and, further, have used his disability as a basis for negative action against him.

28. Because Mr. Collins refused to fulfill his lease obligation due to his inability to access his apartment Defendants reported the debt to credit reporting agencies and negatively affected his credit rating.

29. Mr. Collins request for hand rails that he could grasp, ramps allowing him access to his second floor apartment, property marked Handicapped accessible parking, and a first floor apartment, or in the alternative his request to move from Defendant's apartment complex without penalty to find a dwelling that could accommodate his needs was reasonable.

30. Permitting Mr. Collins to have a ramp, hand rails, and properly marked handicapped accessible parking or in the alternative allowing him to break his lease and move without penalty, would not have caused any hardship to Defendants, because the cost of the same would not have been excessive.

31. For violations of his right to reasonable accommodation under the Fair Housing Act, Plaintiff seeks damages for mental anguish, physical harm, counsel fees and costs for his lawyers.

*SECOND CAUSE OF ACTION*

**Violation of the United States Fair Housing Act Amendments, 42 U.S.C. § 3617, for retaliating against Plaintiff for the exercise of his rights under the Fair Housing Act.**

32. Plaintiff Stephen Collins realleges and incorporates by reference the allegations in Paragraphs 1 through 32, inclusive, of this Complaint.

33. Defendants' collection attempts and adverse credit reporting when Mr. Collins refused to pay his agreed upon rent after being unable to access his apartment and the Defendants'

> refusal to accommodate his reasonable needs an action taken in retaliation for Mr. Collins prior complaints under the Fair Housing act that Defendants had failed to reasonably accommodate his disability.
>
> 34. Defendants' collection action was issued shortly after Mr. Collins refused to pay his agreed upon rent because of Defendants' failure to accommodate his needs.
>
> 35. Plaintiff believes and therefore avers that Defendants intended either to force the removal of Plaintiff from his unit through the eviction process or by creating a hostile environment for him, in retaliation for his exercising his rights under the Fair Housing Act and Section 504.
>
> 36. Defendants' actions therefore violate the Plaintiff's rights under the Act, 42 U.S.C. § 3617, for which Plaintiff seeks damages for mental anguish, physical harm, counsel fees and costs for his lawyers.

### *PRAYER FOR RELIEF*

WHEREFORE, Stephen Collins respectfully requests that this Court:

A. Find and declare that Defendants have failed in their duty under the Fair Housing Act. to reasonably accommodate his disability.

B. Find and declare that Defendants' actions toward Mr. Collins' were retaliatory in nature.

C. Award Plaintiff compensatory damages, exemplary damages, legal fees to attorneys, and reasonable costs;

G. Grant the Plaintiff such other and further relief as the nature of his cause and justice may authorize or require.

### **VERIFICATION**

I, Stephen Collins, verify that I have read the foregoing Complaint and that each of the

statements therein are true to the best of my knowledge and belief.

                                              __S/Stephen Collins_____

                                              STEPHEN COLLINS

                    Respectfully submitted,

/s/<u>Matthew Owen</u>_____

Matthew D. Owen
Joshua Farley
Howard and Farley LLC.
455 South 4th Street, Suite 1250
Louisville, Ky 40202
Telephone: 502/473-6464
Facsimile: 502/473-6462
Email: Mdo@louisvillefirm.com
Email: Josh@howardfarley.com
COUNSEL FOR PLAINTIFF
STEPHEN H. COLLINS