UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN H. COLLINS,                                                                              Plaintiff,

v.                                                                       Civil Action No. 3:14-cv-647-DJH-DW

PRG REAL ESTATE, et al.,                                                                     Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephen H. Collins is a former resident of River Oak Apartments, an apartment complex owned and operated by Defendants PRG Real Estate and New River Oak Associates, LLC. (Docket No. 1, PageID # 384-85) Although Collins was initially able to climb the stairs to his second-floor apartment with the help of his wife, his disability made access difficult after his wife moved out. (*Id.*, PageID # 385) Collins requested that the defendants make accommodations for his disability, but they refused. (*Id.*, PageID # 385-86) As a result, Collins terminated his lease and moved out of the apartment. The defendants later attempted to collect remaining rent from Collins and reported his default to credit reporting agencies. (*Id.*, PageID # 386)

Collins alleges that PRG and River Oak discriminated against him in violation of the Fair Housing Act by failing to provide reasonable accommodations for his disability. (*Id.*, PageID # 387) He further asserts that their collection efforts constitute retaliation under the Act. (*Id.*, PageID # 387-88) The defendants have moved to dismiss, or in the alternative for summary judgment, arguing that the statutes relied on by Collins are inapplicable here. (D.N. 65) The Court agrees and will therefore grant the defendants' motion.

I.

The defendants ask the Court to consider matters outside the pleadings in deciding their motion. (*See* D.N. 65-1, PageID # 396 & n.2) To consider these documents, the Court must treat the motion as one for summary judgment, and Collins "must be given a reasonable opportunity to present all material pertinent to the motion." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)). Collins offers evidence of his own in response to the defendants' motion but asserts that summary judgment would be premature because discovery is not complete. (D.N. 66, PageID # 412-13; *see* D.N. 66-1) However, he provides no affidavit showing that "for specified reasons, [he] cannot present facts essential to justify [his] opposition," as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(d); *see Murphy v. Grenier*, 406 F. App'x 972, 976 (6th Cir. 2011) (explaining that "[t]he non-movant . . . has the burden of informing the district court of his need for discovery" by filing an affidavit pursuant to Rule 56(d) (citing *Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996))). And the only additional discovery described by Collins— anticipated deposition testimony by employees of the defendants corroborating his claim that he made requests for accommodations (*see* D.N. 66, PageID # 413)—would not save his claims. *See Local Union 369, Int'l Bhd. of Elec. Workers v. ADT Sec. Servs., Inc.*, 393 F. App'x 290, 295 (6th Cir. 2010) (finding no abuse of discretion in grant of summary judgment prior to any discovery where requested discovery would not have changed outcome of case). Accordingly, the Court will treat the defendants' motion as one for summary judgment.

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* 56(c)(1). For purposes of summary

judgment, the Court views the facts in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). But if the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be deemed undisputed for purposes of the motion. Fed. R. Civ. P. 56(e). To survive a motion for summary judgment, the nonmoving party must establish a genuine dispute of material fact with respect to each element of each of his claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"). Collins fails to make this showing.

**A.     Design and Construction**

Collins's first cause of action is for discrimination under the Fair Housing Act, 42 U.S.C. § 3604(f)(3). (D.N. 64, PageID # 387)  Although the complaint does not specify which subsection of § 3604(f)(3) forms the basis of this claim (*see id.*), Collins's response to the defendants' motion indicates that he relies on § 3604(f)(3)(C). (*See* D.N. 66, PageID # 412-13) That subsection prohibits the following type of discrimination:

> in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner that--
>
> >  (i)     the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons; [and]
> > . . .
> > (iii)   all premises within such dwellings contain the following features of adaptive design:
> > > (I)   an accessible route into and through the dwelling . . . .

42 U.S.C. § 3604(f)(3)(C).

According to the defendants, Collins's claim under subsection (C) fails because the River Oak Apartments were not first occupied after March 13, 1991 (i.e., "30 months after September 13, 1988," *id.*). (D.N. 65-1, PageID # 396) Attached to their motion is an affidavit by PRG's chief executive officer, who avers that "River Oak[] was built in 1988 and first occupied in 1989." (D.N. 65-3, PageID # 402) Collins maintains that the defendants are nevertheless subject to liability "because renovations were completed [at River Oak] after" March 13, 1991. (D.N. 66, PageID # 413) In support, he offers records from the property valuation administrator that purportedly show post-March 1991 renovations to River Oak. (*See* D.N. 66-1) He cites no authority in support of this argument, however.

Collins's position is inconsistent with the plain language of § 3604(f)(3)(C). The statute "is not made applicable by renovations undertaken in an older building that take place after March 1991." *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 263 (E.D.N.Y. 2009); *see also Fair Hous. Rights Ctr. v. Post Goldtex GP, LLC*, 823 F.3d 209, 216 (3d Cir. 2016) (noting that the U.S. Department of Housing and Urban Development "has defined 'first occupancy' to mean 'a building that has never before been used for any purpose'" (quoting 24 C.F.R. § 100.201)). Here, it is undisputed that the River Oak Apartments were first occupied before March 13, 1991.[1] (*See* D.N. 65-3, PageID # 402) Section 3604(f)(3)(C) is therefore inapplicable, and summary judgment on Collins's discrimination claim is appropriate.[2]

---

[1] For this reason, *United States v. Edward Rose & Sons*, 384 F.3d 258 (6th Cir. 2004), cited by Collins in his response, is inapposite: in that case, the buildings in question were still under construction, and the district court had enjoined their occupancy. *See id.* at 260.

[2] This claim likewise could not survive a motion to dismiss, as Collins failed to allege that the River Oak Apartments were first occupied after March 13, 1991. *See Godlove v. Martinsburg Senior Towers, LP*, No. 3:14-CV-132 (GROH), 2015 U.S. Dist. LEXIS 51808, at *12-*13 (N.D. W. Va. Apr. 21, 2015) (dismissing § 3604(f)(3)(C) claim for failure to allege that first occupancy of building was after March 13, 1991).

**B.     Retaliation**

Collins's retaliation claim is similarly deficient. The Fair Housing Act's retaliation provision provides that

> [i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of [Title 42].

42 U.S.C. § 3617. In his amended complaint, Collins alleges that "Defendants' collection attempts and adverse credit reporting" were "in retaliation for [his] prior complaints under the Fair Housing [A]ct that Defendants had failed to reasonably accommodate his disability." (D.N. 64, PageID # 387-88 ¶ 33; *see also* D.N. 66, PageID # 414 (asserting that PRG and River Oak "interfered with Mr. Collins'[s] right to rescind[] his lease when he was physically unable to occupy the premises, and then attempted to collect a debt they were not owed which adversely affected his credit")) As explained above, however, Collins did not have a right to accommodation under § 3604 because the River Oak Apartments were first occupied after the effective date of the statute.[3] Because Collins has not shown that he suffered retaliation for exercising any right under the Fair Housing Act, his retaliation claim fails.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

---

[3] None of the other statutes listed in § 3617 is applicable here. *See* 42 U.S.C. §§ 3603 ("Effective dates of certain provisions"), 3605 ("Discrimination in residential real estate-related transactions"), 3606 ("Discrimination in the provision of brokerage services").

**ORDERED** that the motion to dismiss or for summary judgment (D.N. 65), treated as a motion for summary judgment, is **GRANTED**. Collins's claims against PRG and New River Oak Associates are **DISMISSED** with prejudice. A separate judgment will be entered this date.

March 27, 2017

**David J. Hale, Judge**
**United States District Court**