**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-5534

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 04, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| STEPHEN H. COLLINS, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | )   ON APPEAL FROM THE UNITED |
| | )   STATES DISTRICT COURT FOR |
| PRG REAL ESTATE; RIVER OAKS | )   THE WESTERN DISTRICT OF |
| APARTMENTS; NEW RIVER OAK | )   KENTUCKY |
| ASSOCIATES, LLC, | ) |
| | ) |
|     Defendants-Appellees. | ) |

O R D E R

Before: BATCHELDER, GIBBONS, and WHITE, Circuit Judges.

Stephen H. Collins, proceeding through counsel, appeals the district court's judgment for the defendants, PRG Real Estate and New River Oak Associates, LLC, in his action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Collins is a former tenant of River Oaks Apartments ("River Oaks"), which is an apartment complex that the defendants own and operate in Louisville, Kentucky. He was diagnosed with a lower back injury in 1995 and receives disability payments from the Social Security Administration as a result of his condition. In June 2013, Collins requested an accessible parking space near his unit. Collins alleged that the defendants "did not immediately accommodate this request and only after the parking lot was re-paved on or about November of 2014 was a handicapped parking space marked with paint on the pavement." Collins also

alleged that he made a request for accommodation in October 2013, citing his difficulty climbing the stairs and grasping the hand rails that led to his second floor unit. Collins alleged that the defendants "refused to take steps to reasonably accommodate [his] request." Collins had a total knee replacement performed in 2014, after which he claimed that he notified the defendants "of the extreme difficulty, pain, and inconvenience" he encountered from climbing the stairs to his unit. Collins alleged that the defendants "refused to take any steps to accommodate his disability." Collins then informed the defendants that, because he was unable to access his unit due to his disabilities, he was prematurely terminating his lease and moving to another apartment complex that could accommodate him. The defendants informed Collins that a first floor unit would be available in four months' time. Despite this, Collins moved out of River Oaks. Collins alleged that the defendants attempted to collect the remaining rent and subsequently reported his failure to pay rent to credit reporting agencies.

In 2014, Collins filed a pro se complaint alleging that the defendants violated Title III of the ADA and failed to provide a reasonable accommodation under the FHA. The defendants denied the allegations set forth in Collins's complaint. The defendants thereafter filed a partial motion to dismiss Collins's ADA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, the defendants argued that Title III of the ADA was inapplicable to the defendants' residential facility because it was not a place of public accommodation within the meaning of the Act. Collins filed a response in opposition to the defendants' motion to dismiss, in which he argued that, although Title III of the ADA does not apply to strictly residential facilities, it does cover places of public accommodation within residential facilities, such as a leasing office and parking spaces. The district court granted the defendants' motion to partially dismiss after concluding that Title III of the ADA does not apply to apartments or parking spaces in residential facilities.

In 2016, Collins, now proceeding through counsel, filed an amended complaint alleging that the defendants: (1) failed to reasonably accommodate his disability in violation of 42 U.S.C. § 3604(f)(3); and (2) retaliated against him for exercising his rights under the FHA in violation of 42 U.S.C. § 3617. The defendants thereafter filed a "Motion to dismiss or, in the alternative,

Motion for summary judgment." Collins filed a brief in opposition to the defendants' motion. The district court treated the defendants' motion as one for summary judgment, granted the defendants' motion, and dismissed Collins's complaint with prejudice. Collins timely appealed.

Collins advances two arguments on appeal. First, he argues that the district court erred by granting the defendants' Rule 12(b)(6) motion to dismiss his ADA claims. Specifically, Collins contends that the publicly accessible areas on River Oaks's premises are places of public accommodation within the meaning of the ADA. Second, Collins argues that the district court erred by granting the defendants' motion for summary judgment on his FHA claims by failing to analyze his claims under § 3604(f)(3)(A) and (B).

We review de novo a district court's grant of a motion to dismiss. *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013). Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." We construe the complaint in the light most favorable to the plaintiff and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We are not required, however, to accept as true legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555.

> Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals and states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

*Smith v. Moorman*, 47 F. App'x 755, 756 (6th Cir. 2002) (quoting 42 U.S.C. § 12182(a)). "Place of public accommodation" is defined as "a facility operated by a private entity whose operations affect commerce and fall within at least one of" twelve specified categories, 28 C.F.R. § 36.104, including "an inn, hotel, motel, or other place of lodging," 42 U.S.C. § 12181(7)(A). "'Facility,' in turn, is defined as 'all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or

personal property, including the site where the building, property, structure, or equipment is located.'" *Stoutenborough v. Nat'l Football League, Inc.*, 59 F.3d 580, 583 (6th Cir. 1995) (quoting 28 C.F.R. § 36.104). At least one federal circuit and several federal district courts have observed that residential facilities do not qualify as "public accommodations" for purposes of the ADA. *See Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3d Cir. 2006); *Sutton v. Freedom Square Ltd.*, No. 07-14897, 2008 WL 4601372, at *6-7 (E.D. Mich. Oct. 15, 2008) (collecting district court cases).

Collins concedes that Title III of the ADA does not regulate residential facilities. Rather, he argues that because River Oaks has a place of public accommodation—a leasing office—on its premises, all of River Oaks's common areas, including the parking lot, walkways, and building entryways, must also be areas of public accommodation because they are open to residents, prospective tenants, and guests alike. In support of this position, Collins cites *No Barriers, Inc. v. BRH Texas GP, LLC*, No. 3:01-cv-0344, 2001 WL 896924 (N.D. Tex. Aug. 2, 2001), which held that a leasing office located within a residential facility was a public accommodation subject to the purview of the ADA. *Id.* at *2. That case, however, does not stand for the proposition that the ADA automatically extends to all publicly accessible areas within a residential facility so long as that facility has at least one area of public accommodation on its premises. Thus, assuming that the River Oaks's on-site leasing office is a place of public accommodation, Collins has cited no authority suggesting that the complex's parking lot, walkways, entryways, and stairwells are also places of public accommodation as a matter of law. Moreover, because Collins's complaint reflects that he never made any request for an accommodation with respect to River Oaks's leasing office, we need not decide whether it qualifies as a "place of public accommodation" for purposes of the ADA. Based on the foregoing, Collins has failed to demonstrate that the district court erred by dismissing his ADA claims for failure to state a claim upon which relief can be granted.

Collins also appeals from the district court's grant of summary judgment in favor of the defendants with respect to his FHA claims. We review the district court's grant of summary judgment de novo. *Brown v. Chapman*, 814 F.3d 447, 464 (6th Cir. 2016). The district court

properly grants summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate "the absence of a genuine issue of material fact as to at least one essential element on each of Plaintiff's claims," at which point the non-moving party "must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010).

The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Such discrimination includes:

> (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted[;]
>
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or
>
> (C) in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner that —
>
>> (i) the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons;
>>
>> . . .
>>
>> (iii) all premises within such dwellings contain the following features of adaptive design:
>>
>>> (I) an accessible route into and through the dwelling[.]

42 U.S.C. § 3604(f)(3). "Plaintiffs who allege a violation of 42 U.S.C. 3604(f) may proceed under any or all three theories: disparate treatment, disparate impact, and failure to make

reasonable accommodations." *Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 790 (6th Cir. 1996).

In their motion for summary judgment, the defendants argued that they were entitled to judgment as a matter of law because § 3604(f)(3)(A)–(C) were respectively inapplicable to the present case, and also because Collins's retaliation claim was meritless. The district court ultimately concluded that § 3604(f)(3)(C) did not apply in this case and Collins does not challenge that determination on appeal. He has therefore abandoned any argument concerning § 3604(f)(3)(C)'s applicability in this matter. *See Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998).

Collins's complaint, however, did not indicate under which subsection he was proceeding. The defendants pointed this out in their motion to dismiss, or, in the alternative, motion for summary judgment. The defendants also presented arguments as to each of § 3604(f)(3)'s three subsections. In response, Collins specifically stated that he was making an accommodation claim pursuant to § 3604(f)(3)(C), and he did not address subsections § 3604(f)(3)(A) or (B).

The district court took Collins at his word. After determining that the defendants' motion should proceed as a motion for summary judgment, the district court determined that Collins had failed to demonstrate a material dispute of fact regarding an accommodation claim under § 3604(f)(3)(C). The district court declined to analyze § 3604(f)(3)(A) or (B), noting that Collins's response to the defendants' motion indicated that he was proceeding solely under § 3604(f)(3)(C). The district court granted summary judgment on both Collins's accommodation and retaliation claims, finding that there can be no retaliation because Collins did not have a right to accommodation under § 3604(f)(3)(C).

Collins now argues on appeal, for the first time, that he presented an accommodation claim under § 3604(f)(3)(A) or (B). But Collins has waived review of this argument because he failed to raise it below. "We do not consider arguments raised for the first time on appeal 'unless the failure to consider the issue will result in a plain miscarriage of justice.'" *Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 427 (6th Cir. 2014) (quoting

*United States v. Ninety-Three Firearms*, 330 F.3d 414, 424 (6th Cir. 2003)). No miscarriage of justice will occur if this argument is not considered.

Accordingly, we **AFFIRM** the district court's judgment.

WHITE, J., concurring in part and dissenting in part.

I join in the order except regarding Collins' claims under the Fair Housing Act. Although Collins cited only § 3604(f)(3)(C), which is not applicable to this case, the substance of his complaint and argument addressed § 3604(f)(3)(B). Because Collins alleged that Defendants failed to make reasonable accommodations for accessible parking and for accessing his second-floor apartment, the district court should have considered his claims under § 3604(f)(3)(B). I would remand for that consideration.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 04, 2018

Mr. Joshua D. Farley
Farley & Associates
455 S. Fourth Street
Suite 1221
Louisville, KY 40202

Ms. Katherine A. Garbarino
Fisher & Phillips
220 W. Main Street
Suite 1700
Louisville, KY 40202

Re: Case No. 17-5534, *Stephen Collins v. PRG Real Estate, et al*
Originating Case No. : 3:14-cv-00647

Dear Counsel,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Michelle M. Davis
Case Manager
Direct Dial No. 513-564-7025

cc: Ms. Vanessa L. Armstrong

Enclosure

Mandate to issue